Upon Motion of Mr. Whitaker of Counsel with the Complainant It is Ordered That The Exceptions taken by The Complainant to the Defendant’s answer be referred to the Master of this Court.
Intr.
Tho. Lamboll Deputy Register
[Exceptions taken to the answer of Colonel William Rhett and Sarah his Wife Defendants to the Bill of Complaint of Gilson Clapp Complainant
The Bill is to have a Discovery of the Whole Estate that Elizabeth Sindrey late of this Province Widow Deed, died possessed of with the Particulars and the true *291 values thereof, and wherein the same consisted and alsoe to compel the Defendants to account for the Profits of a plantation and slaves which they have had in their Possession ever since the Decease of the said Elizabeth Sindrey, and alsoe to Discover what Moneys were Expended in Building certain Brick Tenements on the Bay and in the Broad Street of Charles Town on certain Lotts There belonging to the said Elizabeth Sindrey in her life time and by her last Will and Testament devised to the Complainant and alsoe to discover what Sumes were really Expended on the maintenance and Education of the Complainant and his Sister Sarah Sin-drey now the wife of the honourable Colonel Joseph Blake and to answer all and Singular other the Premises in the Complainants Bill of Complaint Charged In the Scope of the Bill.
To which the Defendants by their answer Folio (1) only say and sett Forth That all the Personal estate whereof the said Elizabeth Sindrey Died Possessed and which came to the Defendants hands is mentioned in the Inventory to the answer annexed excepting Some matters of Small Value which were Disposed of and Received by the Defendants before the said Inventory could be Perfected and for which the complainant has credit in the account to the answer annexed whereto the Defendants Refer and Pray to be taken as Part of their answer and excepting alsoe the Slaves which have been Delivered in Specie to the complainant and his Sister Sarah Sindrey Since married to Colonel Joseph Blake whose Father was Governor and one of the Proprietors of this Province and That the Whole appraisement amounted to but Two hundred and Seventy Four Pounds Eleven Shillings and Nine Pence Three Farthings And that All the Personal estate whereof the said Elizabeth Sindrey Died possessed except as is herein before excepted was Produced and shown by the Defendants to the appraisers James Ingerson Edward Loughton and Elisha Prioleau who were all Known to be men of Honour and Integrity and that the appraisers appraised the same upon their Corporal Oaths and certified the Same to amount to Two hundred and Seventy Four Pounds Eleven Shillings and Nine Pence Three Farthings and the Defendants say that that was the full value Thereof.
And the Defendant William alsoe by their answer folio (5) says and setts Forth That he hath found and Provided by and of himself in Specie Towards Furnishing the Buildings in the said answer mentioned, Bricks, Lime, Timber, Boards, Nails and almost all kinds of materials which Together with the workman ship which the Defendant William hath caused to be Done by his own servants Labourers and Negroes, does amount to Four Thousand one hundred and Twenty Five Pounds Fifteen Shillings and Eleven Pence One Farthing as appears by the accounts thereto annexed.
And the said Defendants by their answer Folio (10) say that they have given all credit in the account to the answer annexed for the Hire of the complainants Plantation.
And the said Defendants in some Part of the account to their answer annexed charge Several annuale Sumes for the maintenance and education of the Complainant and his Said Sister.
To which answer of the said Defendants the complainant Doth except as Insufficient and Evasive for the Several reasons Following (to witt).
First For that the Defendants in their said answer say that the particular goods *292 mentioned in the appraisement of the personal estate of the said Elizabeth Sindrey Deced only amounted to Two hundred Seventy Four Pounds eleven Shillings and Nine Pence Three Farthings and that the same was the true value thereof and that the Defendants could not sell the same, and so took them at the appraisement But the Defendants do not sett forth whether they offered the same to Sale to any person nor to whom in particular nor whether they converted them to their own Private use or whether they Bartered or exchanged them to any other Person and for what value or what Profits they made of them or any of them.
Secondly for that the Defendant William says he found by and of himself in Specie Towards furnishing the buildings in the said answer mentioned, Bricks, Lime, Timber, Boards, nails, and almost all Kinds of materials which together with the Workman Ship which the Defendant William hath caused to be Done by his own servants Labourers and Negroes amounts to Four Thousand one hundred and Twenty Five Pounds Fifteen Shillings and eleven Pence one Farthing as appears by the accounts thereto annexed But the said Defendants Doe not sett Forth what were the value or Price current of such materials and workman ship found by him at the time of Providing the same and what Price they could have had if they had sold them to any other person or If they had bought them what they would have cost or they must have Paid for the Same.
Thirdly For that the Defendants by their answer say that they have given full credit in the account to the answer annexed for the Complainants Plantation, to which the Complainant says That the Defendants had the Complainants Plantation in their Possession as guardians to the Complainant and could not hold it as Tenants or Lessees and are obliged by Law to account to the Complainant for the true Profits which they have from time to time made thereof.
Fourthly for that the Defendants in some part of the account to their answer annexed charge several annual Sumes for the maintenance and education of the Complainant and his said Sister but do not sett forth what Sumes in particular they expended in those Several years Soe that the Complainant cannot judge thereof nor make any Proper objections thereto for which reasons aforesaid the Complainant Doth except to the said answer and prays the effect of his Bill of Complaint may be answered as he may have the end of his suit and such relief therein as the nature of the cause will admit.
Whitaker
17th Aprill 1722
[Bundle 1721-1736]